HENRY M. BUTZEL, EXECUTOR, ESTATE OF SOLOMON SILBERSTEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40288. Promulgated November 4, 1930.

*Frederick L. Pearce, Esq.,* and *A. J. Levin, Esq.,* for the petitioner.

*L. S. Pendleton, Esq.,* for the respondent.

190

OPINION.

LOVE: In this case are involved the much discussed questions of law:

1. As to whether or not under the several revenue acts, where one of the spouses who held real estate as tenants by the entirety died, any part of the value of such real estate constitutes a part of such decedent's gross estate, and

2. Is section 302 (e) of the Revenue Act of 1924 (and corresponding sections of other acts) constitutional?

In the instant case counsel for petitioner have submitted a brief prepared subsequent to, and in view of, the decision of the Supreme Court in the case of *James E. Tyler, Jr.* v. *United States*, 281 U. S. 497. In the brief counsel urge two propositions of law.

A. No part of the value of the estates by the entireties created prior to the enactment of the applicable taxing act, here the Revenue Act of 1924, should be included in the gross estate.

B. Not more than one-half of the value of any estate by the entireties, for the acquisition of which one-half of the consideration was contributed by the surviving tenant, should be included in the decedent's gross estate.

In the argument several subsidiary propositions are announced and urged strenuously. Counsel concede, at least tacitly, that the decision in the *Tyler* case, *supra*, settles the question to the effect that the decedent's interest in property held as tenant by the entirety should be included in his gross estate, provided such property was so acquired subsequent to the effective date of the applicable statute. Counsel, however, contend that the *Tyler* case is not authority for including such property in the gross estate where it was acquired, as in the instant case, prior to the enactment of the statute. That phase of the situation will be discussed later herein.

Counsel in their proposition B submit a proposition of law which we believe is sound in the abstract; that is, as stated, and in the way stated. It is only when they undertake to bring the instant case, with its peculiar facts, within the ambit of that proposition, that the soundness of their contentions is challenged. In the instant case the record is silent as to the amount, if any, of the purchase price of the

property in question that was contributed by the surviving spouse. Counsel urge us to indulge the presumption, in the absence of proof to the contrary, that one-half of such purchase price was contributed by each. This question will be discussed later.

The two questions noted hereinbefore are the only issues involved in this case. There is no controversy in regard to the evidentiary facts. The first question is purely a question of law. The second question involves a mixed question of law and fact, in that we must determine whether or not we are legally authorized to assume as a fact, that the survivor paid one-half of the purchase price of the property here involved. We will now revert to and discuss the first proposition.

The applicable statute is certain parts of section 302 of the Revenue Act of 1924, as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

    \*        \*        \*        \*        \*        \*        \*

(e) To the extent of the interest therein held \* \* \* as tenants by the entirety by the decedent and spouse, \* \* \* except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than a fair consideration in money or money's worth. \* \* \*

    \*        \*        \*        \*        \*        \*        \*

(h) Subdivisions (b), (c), (d), (e), (f), and (g) of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act.

It is the contention of petitioner that in view of the fact that the properties here involved were acquired by the decedent and his wife, and the title thereto fixed as tenants by the entirety, prior to the enactment of the Revenue Act of 1924, the decision in the *Tyler* case, *supra*, does not apply, and they call attention to the fact that in the opinion written in that case the court was careful to note the fact that all the properties involved in that case were acquired and titles fixed, subsequent to the applicable statute. It seems to us, however, that section 302 (h) of the Revenue Act of 1924 is a full and irrefutable answer to petitioner's contention on this point. That statute explicitly prescribes that subdivision (e) of section 302 shall apply whether the title or interest was created prior or subsequent to the enactment of the 1924 Act.

The *Tyler* case involved the 1916 and 1921 Acts and in those Acts there is no provision corresponding to subdivision (h) of the 1924 Act. The court in the *Tyler* case did not have to consider the question now under consideration.

In order to hold as petitioner contends, we would be forced to hold that said subdivision (h) is unconstitutional and hence invalid. We are not willing to so hold. In the general scheme of inheritance taxation, the incident of death, and not the acquisition of the property, is the " generating source "; that is, the incident that brings into existence the tax liability.

We will now consider petitioner's second proposition. Counsel contend that, in the absence of proof as to the amount of the purchase price of the property involved contributed by each spouse, under the Michigan law as disclosed by the decisions of its courts we should presume that each of the spouses contributed one-half and, hence, under any circumstances, only one-half the total amount involved should go into the gross estate of the decedent.

So far as we have examined the decisions of the Michigan courts, they seem to sustain the contentions of the petitioner on this question. However, in those cases, a situation existed entirely different from the situation with which we are now dealing. In those cases the controversy involved property rights between individuals, each contestant possessing equal knowledge of the pertinent facts. The situation here involved is taxation—taxation by the Federal Government. The pertinent facts are not equally available to each contestant.

While the State laws governing property titles and rights, rather than Federal laws, must control such titles and rights when the facts are once established, Federal courts in tax cases are not bound by the same rules of evidence to establish such facts as may govern the State courts. On this proposition as well as the first, the tax statute seems to us to be an irrefutable answer. Subdivision (e) of section 302 prescribes:

(e) To the extent of the interest therein held * * * as tenants by the entirety by the decedent and spouse * * * *except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent .for less than a fair consideration in money or money's worth.* (Italics ours.)

It will be noted that the *exception* is grafted to the statute. It is a well known rule of statutory construction that where the statute prescribes a condition *precedent* to the application of the provisions of the statute, then the burden is on the party who claims under such statute to prove the existence of such condition precedent. But where exceptions are grafted to a statute, the burden is on the party who claims under such exception to allege and prove the facts bringing him within such exception. The rule is to the effect that such proof must be clear and convincing. See *United States* v. *Dickson*, 15 Pet. 141; 10 L. E. 689, 698. See also *Ryan* v. *Carter*, 93 U. S. 83; 23 L. E. 809.

There being no proof in the record to indicate what amount, if any, Mrs. Silberstein contributed to the purchase price of the property in question, the determination of the Commissioner is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*